20073. NORTON *v.* HICKS *et al.*

DECIDED DECEMBER 10, 1929.

*J. H. Paschall, Y. A. Henderson, M. B. Eubanks,* for plaintiff.
*Joseph M. Lang,* for defendants.

BLOODWORTH, J. King Norton sued the Peoples National Bank of Calhoun, Georgia, and W. L. Hines, president, F. L. Hicks, vice-president, B. W. Blackman, cashier, and W. O. Lewis, assistant cashier (the Peoples National Bank was by amendment stricken as one of the defendants), and charged each of these officers of the bank with representing to him that said bank "was largely solvent, and that its stock, which they were then seeking to induce plaintiff to purchase, was worth $147 for each $100 share;" that "they further represented that said bank was doing a profitable business and making money;" that "the defendants named fraudulently made the representations aforesaid, to induce your petitioner to purchase said stock, and did thereby induce him to purchase the same;" that he knew nothing of the value of said stock, but, acting wholly on the representations of these defendants, he purchased 25 shares of the capital stock of said bank, and paid therefor $3250. He further alleged that at the time of issuing and selling said stock to him the bank was "insolvent; which was known to defendants and which condition was unknown to plaintiff, and continued to be unknown to him until the failure of said bank on February 10, 1926." Plaintiff prayed judgment for said sum of $3250, besides interest. Defendant filed a demurrer and alleged that "the petition fails to set forth a cause of action," and that "said petition shows that if plaintiff ever had any right of action the same is barred by the statute of limitations." Upon a hearing of the demurrer the court passed the following order: "Paragraph 2 of said demurrer is sustained, and said petition is hereby dismissed on the ground that the same is barred by the statute of limitations." The record shows that the plaintiff purchased the stock on February 11, 1921, and did not bring suit until May 7, 1929, more than eight years after buying the stock.

The cause of action was barred at the time the suit was filed, unless the petition alleged something that would "toll the statute." The petition contains no such allegation, and the court properly passed the order dismissing it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*